IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GEORGE MILLER,

                                                          OPINION and ORDER

               Petitioner,

                                                            07-C-475-C

     v.

RICARDO MARTINEZ,

               Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241. Petitioner George Miller, a federal prisoner, contends that respondent Ricardo Martinez has violated his rights under the due process clause by disciplining him for sharing his candy with a correctional officer.

       Petitioner has satisfied the preliminary requirements for bringing his petition. Because a loss of good time was part of the discipline, a habeas corpus petition is the proper vehicle for raising a constitutional challenge. Richmond v. Scibana, 387 F.3d 602 (7th Cir. 2004). In addition, because he is challenging the execution of his sentence rather than the imposition of his sentence, § 2241 is the proper statute under which to proceed. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003) (Section 2241 is "usually reserved for attacking

1

the execution, not [the] imposition, of a sentence"). Finally, he has paid the $5 filing fee and has submitted documents showing that he has exhausted his federal administrative remedies as required by Sanchez v. Miller, 792 F.2d 694, 699 (7th Cir. 1986).

Nevertheless, I must deny the petition on its merits. Although the discipline petitioner received may seem unfair to him, it did not violate his rights under the due process clause.

From the petition and the documents attached to it, I draw the following facts.

FACTS

Petitioner George Miller is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin. On July 12, 2006, petitioner was making a burrito for himself when he noticed that correctional officer Hansen was looking at his food. Petitioner offered Hansen a burrito, which she accepted and ate. On July 13, petitioner again encountered officer Hansen. He offered her a piece of candy, which she accepted.

On July 14, petitioner encountered officer Hansen a third time. When she observed petitioner about to eat a piece of candy, he offered her another piece. She said, "No thanks." She did not tell him that she was offended by his offers or that she found them inappropriate.

Later that day, Hansen issued an incident report to petitioner for violating section

2

216 of the disciplinary code, which prohibits prisoners from "giving or offering an official or staff member a bribe or anything of value." The incident report contains the following allegation:

> On Thursday[,] July 13th an unknown inmate handed me three pieces of candy in the central complex[.] I turned in the candy to the lieutenant on duty[.] He instructed me to throw it away since I did not know the inmate[']s name. On Friday[,] July 14th the same unknown inmate came up to me on the central complex, approached me with both hands closed and extended and asked what hand I wanted. I told him neither one and to get moving. At 3:45 p.m. on Friday[,] July 14th by using the Marquette book cards I identified the unknown inmate as inmate Miller, George, #12362-424. It is prohibited for an inmate to give or offer any staff member anything of value.

Petitioner received a hearing before officer S. Lacy, who found petitioner guilty. Petitioner admitted that he had offered candy to the officer on two occasions. As a sanction, petitioner lost 14 days of good time, 45 days of telephone and commissary privileges and received 15 days in disciplinary segregation. Petitioner appealed the decision to the regional director and the administrator for national inmate appeals, who affirmed the decision.

OPINION

Petitioner does not clearly articulate the reasons he believes the discipline he received is unlawful. At one point he cites the due process clause and says that there was "insufficient evidence" to find a violation of the disciplinary rule. But this argument is clearly wrong. Plaintiff admitted at the hearing and continues to admit in his petition that he offered candy

3

to an officer on two occasions. This admission is more than enough to satisfy the "some evidence" requirement imposed by the due process clause. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455 (1985); Piggie v. Cotton, 344 F.3d 674, 677 (7th Cir. 2003).

Petitioner states repeatedly that he was not trying to bribe the officer. That may be true, but it is ultimately beside the point. The prison rule extends not just to actual bribery, but also to giving an officer "anything of value." Although the value of candy may be small, it is enough to fall within the rule. Cf. Hughes v. Sniezek, No. 4:06CV0631, 2006 WL 1704928, *3 (N.D. Ohio June 14, 2006) (upholding loss of 13 days' good time and 15 days' disciplinary segregation for giving rose to officer); Roque-Espinoza v. Outlaw, No. 04-2660-M1/P, 2006 WL 840425, *1 (W.D. Tenn. Mar. 30, 2006) (upholding disallowance of 28 days' good conduct time, 30 days' disciplinary segregation and forfeiture of 54 days' non-vested good conduct time for offering banana and coffee to officer).

Petitioner also complains that the officer never told him before issuing the conduct report that she was offended by his act of sharing or that she found it otherwise inappropriate. But neither the due process clause nor the bureau's own rules require that prisoners get a free pass before being disciplined for a rule violation. So long as the rule itself provides notice of the type of conduct that is prohibited, that is sufficient. Petitioner does not argue that the rule is unconstitutionally vague and I cannot conclude that it is.

4

Petitioner's principal objection to the discipline is not necessarily a legal one.  Rather, he appears to believe that it is simply unfair to punish a prisoner for sharing.

Petitioner's perception of unfairness is understandable.  It is unfortunate that what is considered a simple act of kindness in the free world can become a ground for discipline in the prison context.  Most of us are taught from the time we are small children that sharing is one of the hallmarks of a good friend and citizen.  It is the rare case that we are punished rather than praised for giving some of our belongings to another.

But as petitioner is no doubt aware, many of the lessons learned in the free world do not apply in quite the same way behind prison walls.  In that setting, officials are understandably concerned about the balance of power between staff and prisoners.  Unfortunately, there is no easy way for prison officials to tell the difference between a random act of kindness and an attempt to establish an inappropriate relationship.  In this case, it appears that staff at the Oxford prison have taken a zero tolerance approach against such relationships.  Although it may seem to petitioner that the officials in this case perceived a problem where none existed, the due process clause does not prohibit Oxford staff from applying the rule the way they did.

ORDER

IT IS ORDERED that petitioner George Miller's petition for a writ of habeas corpus

is DENIED.  The clerk of court is directed to enter judgment in favor of respondent Ricardo Martinez and close this case.

Entered this 1st day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge